IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESMOND ABERNATHY, | : | |
| *Petitioner* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE COMMONWEALTH OF PENNSYLAVANIA, | : | |
| | : | |
| *Respondent* | : | No. 21-1785 |

**MEMORANDUM**

PRATTER, J.                                                                                                          APRIL ___, 2022

Desmond Abernathy petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a motion to vacate and void his judgment under Federal Rule of Civil Procedure 60(b)(4). In his report and recommendation, Magistrate Judge Perkin recommended denying Mr. Abernathy's petition because he has not yet exhausted the remedies available to him in state court. Judge Perkin also recommended denying Mr. Abernathy's motion to void and vacate because it is an improper motion in a habeas proceeding. This Court agrees and adopts Judge Perkin's report and recommendation in full.

BACKGROUND

On May 1, 2019, following a jury trial before the Honorable Mia Roberts Perez in the Court of Common Pleas of Philadelphia County, Mr. Abernathy was found guilty of aggravated assault, possession of a prohibited firearm, carrying a firearm without a license, carrying a firearm in public in Philadelphia, recklessly endangering another person, and resisting arrest. CP-51-CR-6258-2016, at 6–7. On November 15, 2019 Judge Roberts Perez sentenced Mr. Abernathy to a prison term of 25-50 years for aggravated assault with concurrent terms of 5-10 years for possession of a prohibited firearm, 3.5-7 years for carrying a firearm without a license, 2.5-5 years for carrying a

1

firearm in public in Philadelphia, 1-2 years for recklessly endangering another person, and 1-2 years for resisting arrest. *Id.*

On December 5, 2019, Mr. Abernathy filed a direct appeal with the Pennsylvania Superior Court. 245 EDA 2020, at 2. The trial court then wrote a memorandum opinion for appellate review dated August 31, 2020. CP-51-CR-6258-2016, at 25.

Meanwhile, Mr. Abernathy, representing himself *pro se*, filed a petition for writ of habeas corpus in federal court on April 6, 2021. Doc. No. 1. Mr. Abernathy subsequently filed an amended habeas petition on May 14, 2021.[1] Doc. No. 5.

This Court referred Mr. Abernathy's case to the Honorable Henry S. Perkin, United States Magistrate Judge, for a report and recommendation. Doc. No. 10. Judge Perkin issued his report and recommendation on September 14, 2021. Doc. No. 12. Mr. Abernathy timely filed objections to Judge Perkin's report. Docs. No. 13, 14.

## LEGAL STANDARD

Federal courts can hear habeas petitions from state prisoners, but only in limited circumstances. The prisoner must first have "exhausted the remedies available in" state court, usually through a direct appeal and then a post-conviction petition. 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). The only exceptions to this exhaustion requirement are where

---

[1] According to the envelope in which Mr. Abernathy's amended petition was sent, it was deposited on May 14, 2021. Mr. Abernathy's amended petition was docketed on May 24, 2021. *See* Doc. No. 5. Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed when he delivers it to prison officials for filing with the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court assumes that Mr. Abernathy delivered his amended petition to prison officials for filing on May 14, 2021, and deem his amended petition, Doc. No. 5, filed on that date.

2

"it appears that . . . there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B).

If a party timely objects to a magistrate judge's report and recommendation, the court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Regardless of whether timely objections are made, district courts *may* accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. *Id.*

## DISCUSSION

Mr. Abernathy's habeas petition contains a multitude of claims. Judge Perkin interpreted Mr. Abernathy's claims as the following:

1. Illegal arrest without probable cause, violation of the "exclusionary rule," and a *Brady* violation of "due process" for the Commonwealth "knowingly" using perjured testimony;

2. Violation of the Double Jeopardy Clause of the Fifth Amendment;

3. Lack of subject matter jurisdiction; and

4. Convictions obtained as a result of "outrageous government misconduct based on fraud."

Doc. No. 12, at 2 (citing Doc. No. 5).

Mr. Abernathy also appears to allege the additional following claim:

5. Tainted evidence for which there was no chain of custody, *see* Doc. No. 5, at 14.

Mr. Abernathy also seeks monetary compensation and punitive damages based on his alleged false imprisonment.[2] *Id.* at 18.

---

[2] Because a court's review of a habeas petition is limited, there is no power here to provide such relief. *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) (quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)).

In his report and recommendation, Judge Perkin recommended denying Mr. Abernathy's habeas petition for having failed to exhaust his claims in state court before petitioning this Court for relief. Judge Perkin also recommended denying Mr. Abernathy's motion to vacate and void the judgment of the state court as improper.

Mr. Abernathy objected to Judge Perkin's report and recommendation. From what the Court can discern, Mr. Abernathy raises the same claims as in his habeas petition and his motion to vacate and void judgment.[3] In addition, Mr. Abernathy asserts that the claims raised in his habeas petition are not the same as those he raised on direct appeal in the state court. Doc. No. 13, at 2. Mr. Abernathy also argues that there are certain "exceptional circumstances" present, perhaps arguing that this Court should consider his federal petition for habeas corpus before he has exhausted the state processes. *Id.* In his second set of objections to Judge Perkin's report and recommendation, Mr. Abernathy also asks the Court to void his motion to vacate and void the judgment of the state court. Doc. No. 14, at 2.

The Court reviews Judge Perkin's report and recommendation, noting where Mr. Abernathy appears to object to specific portions so as to review those *de novo*. The Court agrees with Judge Perkin's report and recommendation and adopts it in full.

---

[3] He also appears to pose a few more claims, including prosecutorial misconduct, an unspecified substantive due process claim, and a claim that someone or something is "deliberately and willfully [acting] to deprive the plaintiff of life, liberty, limb, and property." Doc. No. 13, at 2. To the extent that these claims are different from those raised in his initial petition, they are not properly before the Court because they were raised for the first time in objections to a report and recommendation. *Clark v. Fisher*, No. 10-cv-204, 2011 WL 6000795, at *2 (W.D. Pa. Nov. 30, 2011) (collecting cases).

Furthermore, Mr. Abernathy asks this court to expunge his entire criminal record by "executive order" and provide him with a "clean" social security number. Doc. No. 13, at 5. This Court does not have the power to provide this relief. This Court, as part of the judicial branch, lacks the power to issue an executive order; that power remains with the executive branch.

I. **Mr. Abernathy Has Not Yet Exhausted His State Remedies**

At the time of Judge Perkin's report and recommendation in September 2021, Mr. Abernathy's direct appeal remained pending before the Pennsylvania Superior Court. *See* 245 EDA 2020. Thus, Judge Perkin concluded that Mr. Abernathy had not yet exhausted the state remedies available to him. While Mr. Abernathy's direct appeal process has advanced since then, the procedural posture remains the same: he has not yet exhausted all available state remedies. Thus, the Court adopts Judge Perkin's report and recommendation on this point.

A person in state custody must exhaust his claims in state court before any federal district court may entertain a petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992). The Third Circuit Court of Appeals has explained that "our case law forecloses a District Court from excusing exhaustion 'unless state law clearly *forecloses* state court review of claims which have not previously been presented to a state court.'" *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001) (quoting *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000) (emphasis in original)). In other words, "where there is any doubt about the availability of a state remedy, the claim must be dismissed." *Id.*

Here, there is no doubt that Mr. Abernathy has *not* exhausted the state remedies available to him. On December 5, 2019, Mr. Abernathy filed a direct appeal with the Pennsylvania Superior Court. 245 EDA 2020, at 2. The trial court wrote a memorandum opinion for appellate review dated August 31, 2020. CP-51-CR-6258-2016, at 25. Since then, the Pennsylvania Superior Court affirmed the trial court on September 29, 2021. 245 EDA 2020, at 6. On October 26, 2021, Mr.

Abernathy filed a petition to appeal to the Pennsylvania Supreme Court. 464 EAL 2021, at 3. The Pennsylvania Supreme Court denied this petition on March 16, 2022. *Id.*

This still does not mean, however, that he has exhausted all available state remedies. Mr. Abernathy's conviction will become "final" once he has exhausted state *direct* appeals and the Supreme Court of the United States either denies certiorari or the time to file such a petition has expired.[4] *Greene v. Fisher*, 565 U.S. 34, 39 (2011). Once his conviction becomes "final," Mr. Abernathy may still seek *collateral* relief under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. Cons. Stat. § 9541, *et seq.* He will have one year from the date his conviction becomes "final" to pursue relief under the PCRA. 42 Pa. Cons. Stat. § 9545(b). A petitioner seeking habeas relief from state custody has not exhausted state remedies "if he has the right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254 (emphasis added). Thus, he clearly has not exhausted all state remedies available to him.[5] That he is pursuing separate claims in his state appeal as compared to this federal habeas petition does not alter this outcome.

Nevertheless, even if a petitioner has not exhausted state remedies, he may still petition for federal habeas relief in certain limited circumstances. First, if "there is an absence of available state corrective process." 28 U.S.C. § 2254(b)(1)(B)(i). Second, if "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B)(ii).

Mr. Abernathy has not alleged anything of the sort here. He has not claimed that there is an absence of state corrective process. Nor could he. As just explained, he may still file a petition

---

[4] Mr. Abernathy may still seek review by the Supreme Court of the United States through a writ of certiorari within 90 days of March 16, 2022. U.S. Sup. Ct. R. 13. To be clear, this is *not* required of him. If he does so, it will alter the date that his conviction becomes "final" for purposes of the PCRA's one-year timely filing requirement. 42 Pa. Cons. Stat. § 9545(b)(3).

[5] After all of that concludes, and assuming he timely files his PCRA petition, he will have yet another year to timely file a petition for habeas corpus in a federal district court. 28 U.S.C. § 2244(d)(2).

6

under the PCRA. Instead, he only states that there are certain "exceptional circumstances" present.[6] Doc. No. 13, at 1. Even construing this as alleging "circumstances . . . that render . . . [state] processes[es] ineffective," he has not met that high bar. "[I]nexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). Where the delay renders a state remedy ineffective to protect the rights of a petitioner, courts have excused the exhaustion requirement. *See, e.g., Lee v. Stickman*, 357 F.3d 338, 343-44 (3d Cir. 2004) (exhaustion excused where petitioner's PCRA petition had been pending before the state courts for almost eight years). Mr. Abernathy was sentenced in November 2019, he appealed to the Superior Court in December 2019, the Superior Court resolved that appeal in September 2021, and he filed an appeal to the Pennsylvania Supreme Court in October 2021, which it denied in March 2022. This is not evidence of any delay, let alone inexcusable or inordinate delay by the state judicial system.

Judge Perkin recommended that the Court dismiss Mr. Abernathy's federal habeas petition without prejudice while Mr. Abernathy pursues his unexhausted claims in the state courts. This Court agrees. While the Court could stay his petition until he has exhausted his state remedies, a stay "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Mr. Abernathy still has time to file a petition for certiorari to the United States Supreme Court and, after that process concludes, a year to file any PCRA petition. That means that he will not have exhausted his state remedies for quite some time. There is no reason to stay his petition in the meantime. Therefore, the Court dismisses his petition without prejudice; he may refile once he has exhausted state remedies.

---

[6] To the extent this is one of his objections to Judge Perkin's report and recommendation, the Court reviews it *de novo*. 28 U.S.C. § 636(b)(1)(C).

## II. Mr. Abernathy's Motion to Vacate and Void Judgment Is Improper

Mr. Abernathy also filed a motion to vacate and void judgment under Federal Rule of Civil Procedure 60(b)(4). Doc. No. 6. In this motion, Mr. Abernathy refers to his April 6, 2021 submission to this Court, which was filed as his initial petition for habeas corpus pursuant to 28 U.S.C. § 2254 but titled "Motion 60(b)(4) to Vacate Void Judgement." Doc No. 1. Mr. Abernathy further references his May 24, 2021 submission to this Court in which he appears to supplement his motion to vacate the state court judgment. *See, e.g.*, Doc. No. 5, at 8.

Judge Perkin recommended denying Mr. Abernathy's motion, explaining that his reliance on Federal Rule of Civil Procedure 60 is erroneous. Doc. No. 12, at 6. Indeed it is. As Judge Perkin explained, a federal court's jurisdiction over a state conviction under 28 U.S.C. § 2254 is limited only to a review of whether "a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) (quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)). Plus, Mr. Abernathy now asks the Court to void this motion. Doc. No. 14, at 2. Therefore, the Court will deny the motion (which will have the same effect).

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Perkin's report and recommendation in full. The Court dismisses Mr. Abernathy's habeas petition without prejudice and denies the motion to vacate and void judgment. An appropriate order follows.

BY THE COURT:

*[signature]*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE